# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                                              CHAPTER 13 CASE NO.:

**RANDY LEE HOLLOWAY, JR.**                                         **21-11848-JDW**

## OBJECTION TO CONFIRMATION

COMES NOW Locke D. Barkley, Chapter 13 Trustee, by and through counsel, and files this Objection to Confirmation (the "Objection") and in support states as follows:

1. The Debtor[1] initiated this proceeding with the filing of a voluntary petition for relief on September 30, 2021.  The Chapter 13 plan (Dkt. #2) (the "Plan") was filed that same day.

2. The Debtor is below median income and has proposed a plan term of 60 months.  In Section 5.1 of the Plan the Debtor proposes a total distribution of $7,700.00 to nonpriority unsecured claims ("unsecured claims") and states that the liquidation value is $0.00.

3. The current plan payment is $188.50 per week (or $817.00 per month).

4. According to Schedule J (Dkt. #1) the Debtor has a monthly net income of $818.26.  For a debtor that is below the median income the monthly net income is the minimum amount that should be paid to creditors in a chapter 13 plan.  Projected disposable income as used in §1325(b)(1)(B) would be based upon the monthly net income.

5. The required plan payment and the Debtor's monthly net income are virtually the same.  Based up the plan payment, the Debtor has sufficient income to pay unsecured claims $7,700.00 as proposed.

---

[1] The above-referenced Debtor or Debtors shall be referred to herein in the singular as Debtor unless specified otherwise (e.g. Debtor1 or Debtor2).

1

6. The Plan provides for payment of a value of $4,500.00 for the claim of 1st Franklin Financial Corp. (Clm. #5) which is secured by a pontoon boat and trailer (the "Boat"). The Boat is not necessary for an effective reorganization or the support and maintenance of the Debtor's household. The retention of the Boat and payment of the related secured claim is to the detriment of the unsecured claims.

7. The Plan also provides for payment of a value of $3,500.00 for the claim of Merchants & Farmers Bank (claim not yet filed) which is secured by a 2014 Yamaha Grizzley 700 (the "ATV"). The ATV is not necessary for an effective reorganization or the support and maintenance of the Debtor's household. The retention of the ATV and payment of the related secured claim is to the detriment of the unsecured claims. The Plan was not proposed in good faith and the requirement of §1325(a)(3) is not met.

8. If the ATV and Boat were surrendered to the respective secured creditors, the monthly plan payment would be reduced from $817.00 to approximately $661.00; therefore, to meet the "best efforts test" of §1325(b)(1)(B) the plan payment would have to be set at the monthly net income and the unsecured claims paid the funds available following payment of the other claims provided for in the Plan.

9. In other words, the current distribution to nonpriority unsecured claims is not an "offset" for the payment of the above claims; it is required. If the ATV and Boat were surrendered there would be even more funds available for distribution. As currently proposed, the unsecured claims are "paying for" the Debtor to retain the ATV and Boat.

10. The Trustee alleges that the Plan was not proposed in good faith and the requirement of §1325(a)(3) is not met.

11. The Trustee requests that confirmation of the Plan be denied. Should the Debtor be delinquent in plan payments as of the date of the hearing on this Objection, the Trustee requests that this case be dismissed.

WHEREFORE, PREMISES CONSIDERED, Locke D. Barkley, Chapter 13 Trustee, prays that upon notice and hearing that this Court enter its order sustaining the Trustee's Objection and for such other relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: November 29, 2021

>Respectfully submitted,
>LOCKE D. BARKLEY, TRUSTEE
>
>BY: /s/ W. Jeffrey Collier
>W. JEFFREY COLLIER, ESQ.
>Attorney for Trustee
>6360 I-55 North, Suite 140
>Jackson, Mississippi 39211
>(601) 355-6661
>ssmith@barkley13.com
>MSB No. 10645

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: November 29, 2021

>/s/ W. Jeffrey Collier
>W. JEFFREY COLLIER