# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE NORTHERN DISTRICT OF MISSISSIPPI

**IN THE MATTER OF:**                                **CHAPTER 13 CASE NO.:**

**RANDY LEE HOLLOWAY, JR.**                          **21-11848-JDW**

## OBJECTION TO CONFIRMATION

COMES NOW Locke D. Barkley, Chapter 13 Trustee, by and through counsel, and files this Objection to Confirmation (the "Objection") and in support states as follows:

1. The Debtor[1] initiated this proceeding with the filing of a voluntary petition for relief on September 30, 2021. The Section 341(a) Meeting of Creditors ("341 Meeting") was held and concluded on November 16, 2021. The Second Amended Chapter 13 plan (Dkt. #25) (the "Plan") was filed on December 28, 2021.

2. The Debtor is below median income and has proposed a plan term of 60 months. In Section 5.1 of the Plan the Debtor proposes a total distribution of $7,700.00 to nonpriority unsecured creditors and states that the liquidation value is $0.00.

3. The Agreed Order Overruling Objection to Confirmation (Dkt. #13) (Dkt. #22) (the "Agreed Order") provided that the total distribution to nonpriority unsecured claims in Section 5.1 would be $19,000.00 and such provision would be applicable to any subsequently filed amended Chapter 13 plan. The proposal in Section 5.1 of the Plan is inconsistent with the terms of the Agreed Order; however, as agreed upon by the parties, the total distribution in Section 5.1 will be $19,000.00.

4. According to the Amended Proof of Claim (Clm. #1-2) filed by the Mississippi Department of Revenue ("MDOR"), the Debtor has not filed the required State tax returns for the 2019 tax year. The Debtor has not complied with §§1308 and 1325(a)(9). If the Debtor contends that the returns have been

---

[1] The above-referenced Debtor or Debtors shall be referred to herein in the singular as Debtor unless specified otherwise (e.g. Debtor1 or Debtor2).

1

filed, an objection to the Proof of Claim should be filed prior to the hearing on this Objection.

5.  The Trustee requests that confirmation of the Plan be denied and the bankruptcy case dismissed. Should the Debtor be delinquent in payments at the time of the hearing on the Objection, the Trustee also requests that the bankruptcy case dismissed.

WHEREFORE, PREMISES CONSIDERED, Locke D. Barkley, Chapter 13 Trustee, prays that upon notice and hearing that this Court enter its order sustaining the Trustee's Objection and for such other relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: January 26, 2022

Respectfully submitted,
LOCKE D. BARKLEY, TRUSTEE

BY:  /s/ W. Jeffrey Collier
W. JEFFREY COLLIER, ESQ.
Attorney for Trustee
6360 I-55 North, Suite 140
Jackson, Mississippi 39211
(601) 355-6661
ssmith@barkley13.com
MSB No. 10645

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: January 26, 2022

/s/ W. Jeffrey Collier
W. JEFFREY COLLIER